**Commonwealth of Massachusetts**
**HAMPDEN SUPERIOR COURT**
Case Summary
Civil Docket

04 CV 30003-MAP

### HDCV2003-00539
### Pacholski v AIG Ins Co

| | | | | | |
|---|---|---|---|---|---|
| File Date | 05/28/2003 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 03/17/2004 | Session | B - Civil B - CtRm 5 | | |
| Origin | 1 | Case Type | D01 - Specific performance of contract | | |
| Lead Case | | Track | A | | |
| Service | 08/26/2003 | Answer | 10/25/2003 | Rule12/19/20 | 10/25/2003 |
| Rule 15 | 08/20/2004 | Discovery | 07/16/2005 | Rule 56 | 09/14/2005 |
| Final PTC | 01/12/2006 | Disposition | 05/27/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Michael Pacholski
40 Converse Street
Longmeadow, MA 01106
Phone: 413-567-0748
Active 05/28/2003 Notify

**Defendant**
AIG Ins Co
Service pending 05/28/2003

**Private Counsel 402120**
Richard J Poliferno
Long & Houlden
100 Summer Street
11th Floor
Boston, MA 02110
Phone: 617-439-4777
Fax: 617-439-3153
Active 09/08/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/28/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 05/28/2003 | | Origin 1, Type D01, Track A. |
| 09/08/2003 | 2.0 | Defendant AIG Ins Co's MOTION to Dismiss (MRCP 12b) Complaint of Michael Pacholski |
| 09/15/2003 | | (P#2) (dated 9/10/03) Parties are to mark for hearing any Tuesday or Wednesday at 2p.m. with proper notice to all parties (Mary Lou Rup, Justice). Notices mailed/faxed September 16, 2003 |
| 10/30/2003 | | (P#2) (dated 10/21/03) DENIED (Daniel Ford, Justice) Notices mailed/faxed October 30, 2003 |
| 03/17/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts. |

A TRUE COPY OF THE DOCKET MINUTES: IN WITNESS WHEREOF, I hereunto set my hand, and have caused the seal of the Superior Court for the County of Hampden to be affixed on this 22nd day of March, 2004.

*Barbara Holubeck*
*Deputy Assistant Clerk*

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 10/21/2003 | Civil B - CtRm 5 | Motion/Hearing: Rule12 to Dismiss #2, Motion to dismiss. | Event held as scheduled |

COMMONWEALTH OF MASSACHUSETTS
Hampden, ss.                                    Superior Court
                                                C.A. No. 2003-539

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
MICHAEL PACHOLSKI,
    Plaintiff

vs.

AIG INSURANCE CO.
    Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*HAMPDEN COUNTY SUPERIOR COURT FILED SEP - 8 2003*

*Denied [illegible] 10/21/03*

*4x: 10/30/03 TM*

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND THE APPLICABLE STATUTE OF LIMITATIONS**

Now comes the defendant AIG Insurance Company and requests this court to dismiss plaintiff's Complaint and purported Amended Complaint for failure to state a claim and barred by the applicable Statute of Limitations. As reasons therefor, the defendant states as follows:

1. The plaintiff filed this action on or about May 28, 2003.

2. The plaintiff purported to file an Amended Complaint on or about June 19, 2003. However, there is no indication that this court ever received this purported Amended Complaint or that it was properly served on the defendant.

3. Rule 12 of the Massachusetts Rules of Civil Procedure provides relief to a defendant when the plaintiff has failed to state a claim in his Complaint. Rule 12(b)(6) Mass. R. Civ. P.

4. The plaintiff has failed to state a claim in either his Complaint or purported Amended Complaint and therefore, pursuant to Rule 12(b)(6), the plaintiff's Complaint must be dismissed.

5. The plaintiff has failed to identify a date on which his alleged damage occurred. Therefore, the plaintiff's Complaint must be dismissed.

*[Handwritten margin notes:] 9-10-03 (Rup, J.) (parties are to mark for hearing any Tuesday or Wednesday at 2 p.m. with proper notice to all parties. Attest: [signature] (Cappy) Asst. Clerk*

*Dated: 9/15/03 TM*

WHEREFORE, the defendant respectfully requests that the plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Respectfully submitted,

*/s/ Richard J. Poliferno /BK*
Richard J. Poliferno
Attorney for the Defendant
Long & Houlden
200 State Street
Boston, MA  02109
BBO# 402120

### CERTIFICATE OF SERVICE

I, Richard J. Poliferno, Attorney for the Defendant, hereby certify that on this 31st day of July, 2003, I have served a copy of the following documents:

1. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND THE APPLICABLE STATUTE OF LIMITATIONS

by mailing a copy of the same first class mail, postage prepaid, to counsel of record:

Michael Pacholski, Pro Se
40 Converse Street
Long Meadow, MA  01106

*/s/ Richard J. Poliferno /BK*
Richard J. Poliferno
Attorney for Defendant
Long & Houlden
200 State Street
Boston, MA  02109
(617) 439-4777
BBO # 402120

**CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 9A**

I, Richard J. Poliferno, Attorney for the Defendant, hereby certify that on the 31st day of July, 2003, I served a copy of the following document:

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b0(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND THE APPLICABLE STATUTE OF LIMITATIONS**

by mailing a copy of the same first class mail, postage prepaid, to counsel of record:

Michael Pacholski, Pro Se
40 Converse Street
Long Meadow, MA  011016

**No Opposition has been received as of today's date and counsel hereby certifies compliance with Rule 9A and receipt of no Opposition in timely fashion.**

_____
Richard J. Poliferno
LONG & HOULDEN
200 State Street
Boston, MA 02109
(617) 439-4777
BBO#: 402120

DATE:     September 5, 2003

## NOTICE OF FILING

I, Richard J. Poliferno, Attorney for the Defendant, hereby give notice that on this 5th day of September, 2003, I have filed a copy of the following documents:

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b0(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND THE APPLICABLE STATUTE OF LIMITATIONS**

**LIST OF DOCUMENTS**

**CERTIFICATE OF COMPLIANCE**

A copy of this Notice of Filing has been mailed, by first class mail, postage prepaid, to counsel of record:

Michael Pacholski, Pro Se
40 Converse Street
Long Meadow, MA  01106

_____
Richard J. Poliferno
LONG & HOULDEN
200 State Street
Boston, MA 02109
(617) 439-4777
BBO #402120



A true copy.

Attest:

_Barbara Holubecki_
Deputy Assistant Clerk

## LIST OF DOCUMENTS

1. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b0(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND THE APPLICABLE STATUTE OF LIMITATIONS

2. CERTIFICATE OF SERVICE

3. CERTIFICATE OF COMPLIANCE

4. NOTICE OF FILING

**RECEIVED**
SEP 29 2003
CLERK OF COURTS
HAMPDEN COUNTY

09-26-2003

Dear sir/ms

Ref. Civil Docket HDCV 2003-00539

Per our conversation on 09-26-2003 I am confirming mine and attorney Richard J. Poliferno appointment for a hearing on Tuesday, October 21, 2003 at 2:00 p.m.. to hear motion for dismissal.   ( #2 )

I have spoken with attorney Richard J. Poliferno and the October 21, 2003 date is ok with him.

Sincerely

Michael Pacholski

cc   Attorney Richard J. Poliferno

mjpaig6



A true copy.

Attest:

Barbara Holubecki
Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-539 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| PLAINTIFF(S) Michael Pacholski | | DEFENDANT(S) AIG Life Insurance Co. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | | ATTORNEY (if known) |
| Board of Bar Overseers number: | | |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D01 | Specific Performance of Contract | (A) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................. $
  2. Total Doctor expenses .................................. $
  3. Total chiropractic expenses ............................ $
  4. Total physical therapy expenses ........................ $
  5. Total other expenses (describe) ........................ $
   Subtotal $
B. Documented lost wages and compensation to date ........... $
C. Documented property damages to date ...................... $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ........................ $
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$
TOTAL $

HAMPDEN COUNTY SUPERIOR COURT
FILED
MAY 28 2003
CLERK-MAGISTRATE

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

tion of claim(s):
true copy.
Attest:
Barbara Holubecki
Deputy Assistant Clerk

$ 250,000.00
TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 05-28-13

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | | | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | E05 | All Arbitration | (X) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E07 | c.112,s.12S (Mary Moe) | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E08 | Appointment of Receiver | (X) |
| **TORT** | | | | | | E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) | **EQUITABLE REMEDIES** | | | | | |
| | | | D01 | Specific performance of contract | (A) | | | |
| B04 | Other negligence-personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | | | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

Michael Pacholski

vs

AIG Ins. Co

03· 539

COMPLAINT

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAY 2 8 2003

*signature*
CLERK-MAGISTRATE

Michael Pacholski, plaintiff, was a participant in the Cooper Industries employees' accidental death and dismemberment benefit plan PAI 8046057. ( the plan)

The provisions of the plan states if a member becomes permanent and total disable and is continuously disabling as a result of the injury within three hundred and sixty-five days of the accidents as to be prevented from engaging in any gainful occupation. The company will pay the covered person, after such person has been so disable for twelve (12) consecutive mo. the principal sum as stated in the policy.

I have been deemed to be total disabled by Social Security. I have been receiving disability benefit since May 1998, by my doctors Dr. Glynn and Dr. Mckee and your doctor Dr. Grove. All four have considered me to be total and permanent disabled.

To date AIG has not lived up to their commitments.



# Commonwealth of Massachusetts
## County of Hampden
## The Superior Court

Location: Courtroom 6 - 3rd fl
Telephone: 413 735-6017

Assistant Clerk

Docket #

Plaintiff
V
Defendant

Complaint

Michael Pacholski
40 Converse St.
Longmeadow, Ma. 01106
413-567-0748
AIG
AIG Life Insurance Co
Accident + Health Claims Dept.
P.O. Box 15701
Wilmington, DE. 19850-5701



A true copy.
Attest:

*Barbara Holubecki*
Deputy Assistant Clerk

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 360729 inidoc01 cossaboo