UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30003-MAP

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
MICHAEL PACHOLSKI,
    Plaintiff
v.

AIG INSURANCE COMPANY,
    Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER BY THE DEFENDANT, AIG INSURANCE COMPANY**

The defendant, AIG INSURANCE COMPANY, denying each and every allegation of the plaintiff's Complaint unless specifically admitted, answers each numbered sentence as follows:

1. As to sentence 1 of the plaintiff's Complaint, which states "Michael Pacholski, plaintiff, was a participant in the Cooper Industries employees' accidental death and dismemberment benefit plan PAI 8046057," the defendant is without sufficient information to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

2. As to sentence 2 of the plaintiff's Complaint, which states "The provisions of the plan states if a member becomes permanent and total disable and is continuously disabling as a result of the injury within three hundred and sixty-five days of the accidents as to be prevented from engaging in any gainful occupation," the defendant is without sufficient information to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

3. As to sentence 3 of the plaintiff's Complaint, which states "The company will pay the covered person, after such person has been so disable for twelve (12) consecutive mo. the principle sum as stated in the policy," the defendant is without sufficient information to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

4. As to sentence 4 of the plaintiff's Complaint, which states "I have been deemed to be total disabled by Social Security," the defendant is without sufficient information to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

5. As to sentence 5 of the plaintiff's Complaint, which states "I have been receiving disability benefit since May 1998, by my doctors Dr. Glynn and Dr. Mckee and your doctor Dr. Grove," the defendant is without sufficient information to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

6. As to sentence 6 of the plaintiff's Complaint, which states "All four have considered me to be total and permanent disabled," the defendant is without sufficient information to form a belief as to the truth of the averments therein, and calls upon the plaintiff to prove same.

7. As to sentence 7 of the plaintiff's Complaint, which states "To date AIG has not lived up to their commitments," the defendant denies the averments therein.

**WHEREFORE**, the defendant prays for judgment as follows:

a) dismissing each part of the Complaint on its merits;

b) for its costs, disbursements and attorney fees; and

c) for such other relief as the Court deems just and proper.

### FIRST DEFENSE

The defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) insofar as this Court lacks subject matter jurisdiction.

**SECOND DEFENSE**

The defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) insofar as this Court lacks personal jurisdiction over this defendant.

**THIRD DEFENSE**

The defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(3) insofar as venue is not proper.

**FOURTH DEFENSE**

The defendant states that the plaintiff's Complaint should be dismissed against the defendant pursuant to Rule 12(b)(4) for insufficiency of process.

**FIFTH DEFENSE**

The defendant states that the plaintiff's Complaint should be dismissed against the defendant pursuant to Rule 12(b)(5) insofar as service of process upon this defendant was not sufficient.

**SIXTH DEFENSE**

The defendant states that the plaintiff's Complaint should be dismissed against the defendant pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**SEVENTH DEFENSE**

The defendant states that the plaintiff fails to state a claim under ERISA's exclusive remedial mechanism.

**EIGHTH DEFENSE**

The defendant states that the Employee Benefits Plan ("Plan") is a qualified employee benefit plan governed by the Employee Retirement Income Security Act of 1974, As Amended ("ERISA"), 29 U.S.C., §§1001-1461, *et seq.*

### NINTH DEFENSE

The defendant states that the plaintiff has failed to satisfy certain conditions precedent and subsequent required to maintain an action for benefits under the Plan.

### TENTH DEFENSE

The defendant states that the plaintiff's state law claims, if any, are preempted by ERISA.

### ELEVENTH DEFENSE

The defendant states that the plaintiff's action should be dismissed because he failed to demonstrate his eligibility for benefits claims under the terms and conditions of the Plan.

### TWELFTH DEFENSE

The defendant states that the plaintiff's claims for benefits are barred by the plain and unambiguous terms of the Plan.

### THIRTEENTH DEFENSE

The defendant states that they had a reasonable basis to deny Plaintiff's claim, and Plaintiff's claims are barred because the benefit determination was not arbitrary, capricious, or unreasonable.

### FOURTEENTH DEFENSE

The defendant states that plaintiff's damages, if any, were wholly or predominantly caused by the conduct of Michael Pacholski and therefore, plaintiff is barred from any recovery in this action.

Respectfully submitted,

*[signature]*

Richard J. Poliferno
Attorney for the Defendant
Long & Houlden
100 Summer Street, 11 FL
Boston, MA  02110
(617) 439-4777
BBO #402120

DATE: 3/25/04

---

I hereby certify that a true copy of the above document was served upon each attorney of record by mail on March 25, 2004.

*[signature]*